IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-416-1D

**United States of America**,

v.

**Manweld Shontae Bright**,

        Defendant.

**Order**

On March 24, 2021, Defendant Manweld Shontae Bright appeared before the court for his arraignment. During the arraignment, the court accepted Bright's guilty plea and adjudged him guilty of:

- Possession with Intent to Distribute 500 Grams or More of Cocaine, 21 U.S.C. § 841(a)(1).
- Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c).

At the end of the arraignment, the United States asked the court to detain Defendant Bright until his sentencing hearing. Bright contested the United States' request.

Based on the nature of the offenses the court found Bright guilty of, there is a presumption in favor of his detention. 18 U.S.C. § 3143(a)(2). So the court may only release Bright on conditions if it makes several findings in his favor. Post-adjudication release is possible if either "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person[.]" *Id*. § 3143(a)(2)(A). If one or both circumstances are present, the court may release Bright if it finds "by clear and convincing evidence that" he is "not likely to flee or pose a danger to any other person or the community." *Id*. § 3143(a)(2)(B).

The court cannot make the findings necessary to allow Bright to be remain out of custody. This is not a case in which the court will likely grant a motion for acquittal or new trial. Nor is it a case in which an attorney for the government will be recommending a sentence that does not include a term of imprisonment. So Bright cannot rebut the presumption of detention.

The Bail Reform Act contains one other provision that the relates to the issue of Bright's Post-adjudication release. If someone is subject to detention under § 3143(a)(2), the court can still release him if he would be releasable under § 3143(a)(1). *See id.* § 3145(c). Section 3143(a)(1) allows release if a court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" *Id*. § 3143(a)(1). Then it must be "clearly shown that there are exceptional reasons why such person's detention would not be appropriate." *Id*. § 3145(c).

Having considered the arguments of counsel, the court finds that this case does not present exceptional circumstances establishing that it would be inappropriate to detain Bright. So the court grants the United States' motion for detention.

The court remands Bright to the custody of the United States Marshal. Bright must be afforded a reasonable opportunity for private consultation with defense counsel.

On order of a court of the United States or on request of an attorney for the Government, the person in charge of the facility housing Bright must deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 24, 2021

_Robert T. Numbers II_
Robert T. Numbers, II
United States Magistrate Judge